McCulloch | Kleinman Law
Kevin P. McCulloch
Nate A. Kleinman
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mkiplaw.com
nate@mkiplaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GRECCO; MICHAEL GRECCO PRODUCTIONS, INC., *Plaintiffs*, v. AGE FOTOSTOCK AMERICA, INC., *Defendant*. | Civil Case No. **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Michael Grecco and Michael Grecco Productions, Inc. (together "Plaintiffs"), by and through undersigned counsel, hereby demand a trial by jury of all claims and issues so triable, and, as for their Complaint against Defendant Age Fotostock America, Inc.; ("Defendant") hereby asserts and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement and related claims against Defendant for the unauthorized and infringing use of Plaintiffs' photographic works.

2. Plaintiffs seek all damages available under the law and other relief as set forth herein related to Defendant's infringement of Plaintiffs' copyrights in the photos at issue.

## PARTIES

3. Plaintiff Michael Grecco ("Grecco") is a professional photographer who makes his living taking and licensing his photographs.

4. Grecco is a resident of California.

5. Plaintiff Michael Grecco Productions, Inc. ("MGP") is a California corporation and the entity through which Grecco licenses and registers his photographs.

6. MGP is the successor in interest to Michael Grecco Photography, Inc., the entity through which Grecco previously licensed and registered his images.

7. Defendant Age Fotostock America, Inc. ("AFA") is a Delaware corporation with a registered address in New York at 594 Broadway, Suite 707, New York, NY 10012.

8. Upon information and belief, AFA maintains an office in this District at 48 Wall Street, 11th Floor, New York, NY 10005.

9. AFA is a stock photography company that, according to its website, "specialize[s] in the hosting and distribution of stock photography through our very own technological hosting platform and we offer a large database of high-quality Creative and Editorial images and videos for professional use."

## JURISDICTION AND VENUE

10. Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original

jurisdiction over claims arising under any act of Congress relating to copyrights).

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because, upon information and belief, a substantial portion of the alleged misconduct giving rise to the claims asserted herein occurred in this District and under 28 U.S.C. § 1400(a) because Defendant may be found in this District.

12. This Court has personal jurisdiction over Defendant because, upon information and belief, it conducts substantial and ongoing business in the State of New York, including by maintaining an office location in this District for purposes of licensing and distributing photographs to New York consumers.

## FACTUAL ALLEGATIONS

13. Grecco is the sole author and creator of certain photographs (the "Photographs") that are at issue in this action, copies of which are attached as Exhibit 1.

14. The Photographs were not created on a "work for hire" basis.

15. In or about September 2020, Plaintiffs became aware that AFA was offering the Photographs for sale/licensing on its website, located at www.agefotostock.com.

16. Attached hereto as Exhibit 2 are screen captures showing the Photographs on the AFA website.

17. Upon information and belief, AFA offered for sale Plaintiffs' Photographs without authority or a license from Plaintiffs.

18. As shown in Exhibit 2, the Photographs, as displayed and offered for sale on the AFA website, do not include a credit/attribution to Plaintiffs but rather list the "author" and "photographer" as "United Archives" and "Mary Evans/AF Archive/Universal Tv" respectively.

19. As displayed on the AFA website, each of the Photographs includes an explicit watermark falsely identifying these other entities as the respective copyright owner, stating "© UNITED ARCHIVES" and/or "© MARY EVANS/AF ARCHIVE/UNIVERSAL TV" diagonally across each Photograph.

20. Each Photograph also contains a watermark depicting the AFA logo in the bottom righthand corner.

21. Upon information and belief, each of the Photographs originally included an express credit/attribution stating that Plaintiff Grecco was the original author and copyright owner in and to the Photographs.

22. Upon information and belief, Defendant has generated increased web traffic, revenue and profits through the display, sale and distribution of Plaintiffs' Photographs without a valid license.

## COUNT I
## COPYRIGHT INFRINGEMENT
## (DIRECT AND/OR SECONDARY)

23. Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

24. Together, Plaintiffs are the author and exclusive copyright owners of the Photographs at issue in this action.

25. Plaintiffs registered the copyrights in and to the Photographs with the United States Copyright Office.

26. The Photographs are registered under Registration Nos. VA 1-418-417; VA 1-418-420; and VA 2-063-319.

27. Attached hereto as Exhibit 3 are the copyright registration certificates that cover

4

each of the Photographs.

28. The conduct by Defendant alleged herein constitutes a violation of Plaintiffs' exclusive rights in the Photographs, in violation of the U.S. Copyright Act, 17 U.S.C. § 106.

29. Defendant copied, published, displayed, and distributed Plaintiffs' copyrighted Photographs for purposes of selling licenses without first obtaining a valid license or permission from Plaintiffs.

30. Upon information and belief, AFA contributed to, caused, and benefited financially from the infringements committed by the other entities purporting to license Plaintiffs' Photographs.

31. Upon information and belief, AFA had absolute control over the content that it included on its website and had the ability to prevent the infringements described herein.

32. Upon information and belief, Defendant's infringement yielded financial benefits, including but not limited to the value of the sales of the Photographs and the promotion of its brand/trademark through the wide display and promotion of the Photographs.

33. By copying, displaying, publishing, and otherwise exploiting Plaintiffs' copyrighted works without a license, Defendant caused Plaintiffs significant injuries, damages, and losses in amounts to be determined at trial.

**COUNT II**
**UNAUTHORIZED REMOVAL OF**
**COPYRIGHT MANAGEMENT INFORMATION**

34. Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

35. Upon information and belief, prior to publishing, displaying, and/or distributing the Photographs, Defendant intentionally removed, altered, and/or intentionally failed to include the

credit/attribution information identifying Plaintiff Grecco as the author and copyright owner of the Photographs, and instead identifying other entities as the ostensible copyright owners, thereby concealing critical copyright management information.

36. Upon information and belief, Defendant intentionally removed and/or replaced Plaintiff's copyright information in order to conceal the unauthorized use of the Photographs and give the false impression that other entities were in fact the exclusive rightsholders.

37. The intentional removal and/or alteration of copyright management information constitutes a separate violation of the U.S. Copyright Act, 17 U.S.C. § 1202(b).

38. In addition to damages for copyright infringement, Plaintiff seeks all damages recoverable under the Copyright Act for this separate violation of 17 U.S.C. § 1202.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on their behalf and for the following relief:

1. A trial by jury of all claims and issue so triable;

2. A permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiffs' photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendant;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue and Defendant's profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution, as well as for removal/alteration of copyright management information;

      4.      Plaintiffs' full costs and attorneys' fees incurred in pursuing and litigating this matter;

      5.      Any other relief authorized by law, including punitive and/or exemplary damages; and

      6.      For such other and further relief as the Court deems just and proper.

Dated: January 18, 2021_____

                                                    Respectfully submitted,

                                                    /s/ Nate A. Kleinman_____
                                                  Nate. A. Kleinman
                                                  McCulloch | Kleinman Law
                                                  501 Fifth Avenue, Suite 1809
                                                  New York, New York 10017
                                                  T: (212) 355-6050
                                                  F: (206) 219-6358