UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GRECCO; MICHAEL GRECCO PRODUCTIONS, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>AGE FOTOSTOCK AMERICA, INC.,<br><br>*Defendant*. | Case No.: 1:21-cv-00423-JSR |

## DEFENDANT AGE FOTOSTOCK AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Nancy E. Wolff
Sara Gates
COWAN, DEBAETS, ABRAHAMS
 & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474

*Attorneys for Defendant Age Fotostock America, Inc.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................1

FACTUAL BACKGROUND...........................................................................................................2

LEGAL STANDARD......................................................................................................................3

ARGUMENT..................................................................................................................................4

    I.    THE COURT SHOULD DISMISS PLAINTIFFS'
COMPLAINT BECAUSE THE COPYRIGHT ACT
DOES NOT APPLY EXTRATERRITORIALLY ..................................................4

        A.    The Alleged Infringing Actions Occurred
Outside the United States ............................................................................4

        B.    Plaintiff Has Failed to Plead and Cannot
Show Any "Plus Factor"..............................................................................6

CONCLUSION................................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ............................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 555, 570 (2007) ....................................................................................................3

*Brown v. Daikin Am. Inc.*,
    756 F.3d 219, 225 (2d Cir. 2014) ................................................................................................3

*Brown v. New York City Hous. Auth.*,
    No. 05-CV-10332 (VM), 2006 WL 1378599, at *1 (S.D.N.Y. May 17, 2006) .........................5

*Crunchyroll, Inc. v. Pledge*,
    No. C 11-2334 (SBA), 2014 WL 1347492, at *17 (N.D. Cal. Mar. 31, 2014) ..........................8

*Fernandini v. United States*,
    No. 15-CV-3843 (GHW), 2017 WL 3208587, at *3 (S.D.N.Y. July 26, 2017) ........................5

*GB Mktg. USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*,
    782 F. Supp. 763, 772–73 (W.D.N.Y. 1991) ..............................................................................7

*In re Express Scripts/Anthem ERISA Litig.*,
    285 F. Supp. 3d 655, 671 (S.D.N.Y. 2018) .................................................................................5

*In re Livent, Inc. Noteholders Sec. Litig.*,
    151 F. Supp. 2d 371, 405–06 (S.D.N.Y. 2001) .......................................................................3–4

*Kiobel v. Royal Dutch Petroleum Co.*,
    569 U.S. 108, 116 (2013) ............................................................................................................1

*Noland v. Janssen*,
    No. 17-CV-5452 (JPO), 2020 WL 2836464, at *3 (S.D.N.Y. June 1, 2020) .............................5

*Noland v. Janssen*,
    No. 17-CV-5452 (JPO), 2019 WL 1099805, at *3–5, *5 n.5 (S.D.N.Y. Mar. 8, 2019) ........1, 4

*Orozco v. Fresh Direct, LLC*,
    No. 15-CV-8226 (VEC), 2016 WL 5416510, at *1 n.1, *5 & n.8 (S.D.N.Y.
    Sept. 27, 2016) ............................................................................................................................4

*Richardson v. Complex Media, Inc.*,
    No. 20-CV-6201 (JSR), 2021 WL 230192, at *2 (S.D.N.Y. Jan. 22, 2021) .........................6, 8

*Shropshire v. Canning*,
    809 F. Supp. 2d 1139, 1145 (N.D. Cal. 2011) ..........................................................................8

*Spanski Enters. v. Telewizja Polska, S.A.*,
    883 F.3d 904, 916 (D.C. Cir. 2018) ........................................................................................7

*State St. Glob. Advisors Tr. Co. v. Visbal*,
    431 F. Supp. 3d 322, 338–39, 340 (S.D.N.Y. 2020) ............................................................6, 8

*TechnoMarine SA v. Jacob Time, Inc.*,
    No. 12-CV-0790 (KBF), 2012 WL 2497276, at *1 n.1 (S.D.N.Y. June 22, 2012) ...................5

*Update Art, Inc. v. Modiin Pub., Ltd.*,
    843 F.2d 67, 73 (2d Cir. 1988) ................................................................................................4

**Rules & Statutes**

Fed. R. Civ. P. 12(b) ........................................................................................................................1

Defendant Age Fotostock America, Inc. ("Defendant" or "AF America") by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] to dismiss the complaint (the "Complaint" or "Cmpl.") of plaintiffs Michael Grecco and Michael Grecco Productions, Inc. (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

This dispute is not properly before this Court, as it involves allegations of infringement by a foreign entity outside the United States and the Complaint does not allege any domestic predicate act that would give rise to an actionable claim under the Copyright Act. In their Complaint, Plaintiffs allege that Age Fotostock America, Inc., a U.S. company, owns, operates, and has "absolute control" over a website located at www.agefotostock.com (the "Website"), which displayed five images allegedly owned by Plaintiffs (the "Images"). Cmpl. ¶¶ 15, 31. However, despite relying heavily on the Website in drafting their Complaint, Plaintiffs completely ignored its express terms, which state that the Website is not run by Defendant but is owned and operated by an entirely separate company located in Spain, age fotostock Spain, S.L. Disregarding the lack of extraterritorial application of the Copyright Act, and the clear notice that there would be no basis for their claims, Plaintiffs resolved to bring this action against AF America. Plaintiffs should not be permitted to traverse the bounds of the Copyright Act to impute the alleged conduct of a

---

[1] Although Defendant's counsel proposed this Motion as a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), at the February 19, 2021 court conference, a review of the case law indicates that Rule 12(b)(6) is the proper vehicle. *See, e.g.*, *Noland v. Janssen*, No. 17-CV-5452 (JPO), 2019 WL 1099805, at *5 n.5 (S.D.N.Y. Mar. 8, 2019) ("District courts in this Circuit have previously held that where the alleged infringing conduct was extraterritorial and no exception applied, the court lacked subject matter jurisdiction over the claims. . . . However, the Supreme Court has made clear that 'the question of extraterritorial application [i]s a "merits question," not a question of jurisdiction.'" (quoting *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 116 (2013))).

foreign entity on a U.S. company for purposes of proceeding before this Court.

## FACTUAL BACKGROUND

The case turns on the ownership and control of a Website, www.agefotostock.com. *See* Cmpl. ¶¶ 15, 31.  In their Complaint, Plaintiffs allege that Defendant, a U.S. company, displayed and offered for sale/licensing five Images on this Website. *See id.* ¶¶ 7, 9, 15.  Plaintiffs also allege that prior to the display of these Photographs on the Website, Defendant removed and/or replaced Plaintiff's copyright information in violation of 17 U.S.C. § 1202(b).  Cmpl. ¶¶ 18–20, 34–38.  However, contrary to Plaintiffs' assertions, Defendant does not own, operate, or have "absolute control" over the content on the Website.  *Id.* ¶ 31; *see* Declaration of Nancy E. Wolff, dated March 4, 2021 ("Wolff Decl."), Exs. A–D.  Instead, Defendant has no control over the Website; a foreign entity does.  *See* Wolff Decl. Exs. A–D.

As evident from the express terms of the Website, the Website is owned and operated by a foreign entity, age fotostock Spain, S.L. ("AF Spain").  *See* Wolff Decl. Ex. A (https://www.agefotostock.com/age/en/Legal/WebsiteTerms).  Specifically, the "Website Terms" state:

> This Site is owned and operated by agefotostock Spain, S.L. (VAT: ES B-58378431 domiciled at Zurbano, 45, 1st floor, 28010 Madrid, Spain and registered at the Companies Registry of Madrid under Volume 36577 Folio 42 Page M-656655, hereinafter referred throughout this Site as agefotostock. All rights on the content featured or displayed on this Site, including but not limited to, images, text, graphics, illustrations and software (the "Content") are owned by agefotostock, its licensors or its content providers.

*Id.*  The Website Terms also identify the laws of Spain as the governing law, and state that all disputes arising under the terms "shall be submitted to the jurisdiction of the Courts and Tribunals of the city of Madrid, Spain." *Id.*

The "About Us" Website page, which Plaintiffs expressly quoted in their Complaint (*see,*

*e.g.*, Cmpl. ¶ 9), also identifies "agefotostock" as "a stock photography and video agency based in Spain," noting that the Spanish entity has separate "companies in New York and Paris." Wolff Decl. Ex. B (https://www.agefotostock.com/age/en/AboutUs.aspx). The "About Us" page describes AF Spain as a stock photo agency that hosts and distributes the photography of hundreds of international photographers and distributes over 400 collections from other photography agencies in more than 80 countries. *See id.* Domain registration information for the Website shows that the registrant, age fotostock SPAIN, S.L., is located in Barcelona, Spain. *See* Wolff Decl. Ex. C. AF Spain makes the Website available in three languages to 231 countries, nations, territories, and islands around the world. *See* Wolff Decl. Ex. D. Users can select their preferred language and location from a top drop-down menu from any page on the Website. *See id.*

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "[courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (citations omitted). While the Court is generally required to accept a complaint's factual allegations as true, the Court need not "accept as truth conflicting pleadings that make no sense . . . or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent, Inc. Noteholders Sec.*

3

*Litig.*, 151 F. Supp. 2d 371, 405–06 (S.D.N.Y. 2001) (collecting cases).

## ARGUMENT

### I. THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT BECAUSE THE COPYRIGHT ACT DOES NOT APPLY EXTRATERRITORIALLY

#### A. The Alleged Infringing Actions Occurred Outside the United States

Plaintiffs' claims against Defendant fail because it is well-settled that the Copyright Act does not apply extraterritorially. *See Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988); *Noland v. Janssen*, 2019 WL 1099805, at *3–5 (dismissing copyright claims because the U.S. Copyright Act does not have extraterritorial application and all the relevant conduct alleged in the complaint occurred abroad). Plaintiffs allege two claims in their Complaint purportedly arising under the Copyright Act: (1) copyright infringement in violation of 17 U.S.C. § 106, and (2) removal of copyright management information in violation of 17 U.S.C. § 1202(b). *See* Cmpl. ¶¶ 23–38. Both claims center exclusively on www.agefotostock.com, which Plaintiffs identify as Defendant's Website for all the factual allegations. *See id.* ¶¶ 15–16, 18–19, 31. Specifically, Plaintiffs allege that Defendant violated the Copyright Act by displaying and offering the Images on the Website and including allegedly inaccurate credit/attribution information watermarks on the Website. *Id.* ¶¶ 15, 18–20. However, as evident from the Website, which the Court may take judicial notice of because Plaintiffs expressly relied upon it in drafting their Complaint,[2] the owner and operator of the Website is not Defendant, but a foreign entity located

---

[2] The Website is integral to the Complaint because Plaintiffs heavily relied upon it throughout their Complaint, including expressly quoting text from the Website (Cmpl. ¶ 9), citing and referring to it throughout the Complaint (*see, e.g.*, *id.* ¶¶ 15–16, 18–19, 31), and appending screenshots of the Website as an exhibit to the Complaint. *See* Cmpl. Ex. 2. For this reason, the Court may take judicial notice of the Website. *See Orozco v. Fresh Direct, LLC*, No. 15-CV-8226 (VEC), 2016 WL 5416510, at *1 n.1, *5 & n.8 (S.D.N.Y. Sept. 27, 2016) (stating that the court may consider the "totality" of the website because the complaint is not only incorporated by reference, but is at the center of the plaintiffs' allegations).

in Spain, age fotostock Spain, S.L.[3]  *See* Wolff Aff. Ex. A ("This Site is owned and operated by agefotostock Spain, S.L. . . . All rights on the content featured or displayed on this Site . . . are owned by agefotostock, its licensors or its content providers."), Ex. B ("agefotostock is a stock photography and video agency based in Spain").

As Plaintiffs' allegations that Defendant engaged in the allegedly infringing conduct are belied by the very Website that Plaintiffs relied upon in drafting the Complaint, the Court need not credit Plaintiffs' allegations.  *See In re Express Scripts/Anthem ERISA Litig.*, 285 F. Supp. 3d 655, 671 (S.D.N.Y. 2018), *aff'd sub nom. Doe 1 v. Express Scripts, Inc.*, No. 18-346, 2020 WL 7133860 (2d Cir. Dec. 7, 2020); *Fernandini v. United States*, No. 15-CV-3843 (GHW), 2017 WL 3208587, at *3 (S.D.N.Y. July 26, 2017); *Brown v. New York City Hous. Auth.*, No. 05-CV-10332 (VM), 2006 WL 1378599, at *1 (S.D.N.Y. May 17, 2006).  Given the foreign ownership and operation of the Website, it is apparent that Defendant did not have "absolute control over the content" included on this Website, as Plaintiffs alleged (Cmpl. ¶ 31), let alone any control.  It is reasonable to infer from the Website that the alleged infringing conduct that Plaintiffs complain of occurred outside the United States.  *See generally* Wolff Decl. Exs. A–D.  As such, absent an allegation of a domestic predicate act, Plaintiffs do not state a claim under the Copyright Act.[4]

---

[3] Furthermore, publicly available domain registration information shows that the registrant of the domain name, agefotostock.com, is AF Spain and is located in Barcelona, Spain.  *See* Wolff Aff. Ex. C; *TechnoMarine SA v. Jacob Time, Inc.*, No. 12-CV-0790 (KBF), 2012 WL 2497276, at *1 n.1 (S.D.N.Y. June 22, 2012) (noting that the court "may take judicial notice of the fact that a publicly accessible website contains certain information").

[4] As Plaintiffs' Section 1202(b) claim rests on conduct abroad—namely, the inclusion of allegedly inaccurate copyright information and watermarks on the Website—it, too, should be dismissed. *Cf. Noland v. Janssen*, No. 17-CV-5452 (JPO), 2020 WL 2836464, at *3 (S.D.N.Y. June 1, 2020) (dismissing VARA claim to the extent it rested on conduct abroad because "VARA is part of the Copyright Act," which does not apply extraterritorially (internal quotation marks omitted)).

5

### B.     Plaintiff Has Failed to Plead and Cannot Show Any "Plus Factor"

As this Court has recognized, when a copyright claim involves acts abroad, there must be some domestic predicate act to give rise to an actionable claim under the Copyright Act. *See Richardson v. Complex Media, Inc.*, No. 20-CV-6201 (JSR), 2021 WL 230192, at *2 (S.D.N.Y. Jan. 22, 2021) (Rakoff, J.). Merely making a work available online where it may be visible regardless of the viewer's location, absent any further conduct directed at the U.S., does not support a viable copyright claim. *See State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020). To survive a motion to dismiss, Plaintiffs must allege "some 'plus factor' beyond online availability, such as '(1) the direction of copyrighted material into the United States, (2) [that] foreign acts are intended to, and do, have an effect within the United States, and (3) the uploading of copyrighted materials to servers located in the United States.'" *Richardson*, 2021 WL 230192, at *2 (quoting *State Street*, 431 F. Supp. 3d at 340). Plaintiffs' Complaint fails on this basis, as Plaintiffs have failed to plead any "plus factor" that would state a claim upon which relief may be granted.

*First*, aside from being visible from the United States, the web pages for the Images in question were not specifically directed at the United States. A review of the Website shows that the Website is available in three languages and 231 countries, nations, territories, and islands around the world—from Afghanistan to Zimbabwe. *See* Wolff Aff. Ex. D. The screenshots of the Images on the Website, attached to the Complaint, indicate that, while the version of the Website accessed was in English (a language spoken in countries all over the world) and the U.S. option was selected by the person who took the screenshots, there were no restrictions on or directions as to who could license the Images based on their particular geographic location. *See* Cmpl. Ex. 2. A user in Australia, Germany, or any one of the 231 locations to which AF Spain makes it Website

available could have just as easily accessed the Images on the Website as a user in the United States. *See* Wolff Aff. Ex. D. Plaintiffs have not pleaded the type of direction of a copyrighted work into the U.S. that supports a copyright violation under U.S. law. *Cf. Spanski Enters. v. Telewizja Polska, S.A.*, 883 F.3d 904, 916 (D.C. Cir. 2018) (holding that "a foreign broadcaster that . . . directs infringing performances into the United States from abroad commits a domestic violation of the Copyright Act").

*Second*, Plaintiffs have not alleged that the foreign conduct was intended to or did, in fact, have an effect in the U.S. *See generally* Cmpl. As stated on its Website, AF Spain is a stock photo agency that hosts and distributes the photography of hundreds of international photographers and distributes over 400 collections from other photography agencies in more than 80 countries. *See* Wolff Aff. Ex. B. AF Spain makes the images on its Website available to users all over the world, regardless of location, *see id.*, and as evident from the screenshots of the Images on the Website, AF Spain did not specifically offer or market the Images to U.S. customers. *See* Cmpl. Ex. 2. As apparent from a review of the Website's functionality, the selection of language and location in the top bar are user-specific choices that can be changed with the click of a button. *See* Wolff Aff. Ex. D. Plaintiff has not alleged that the Images were *specifically* targeted to U.S. customers or that the Images were licensed or sold in the U.S. to give rise to a viable copyright claim. *See generally* Cmpl. ¶¶ 17, 22, 32. *Cf. GB Mktg. USA Inc. v. Gerolsteiner Brunnen GmbH & Co.*, 782 F. Supp. 763, 772–73 (W.D.N.Y. 1991) (finding that the defendant's actions in Germany to *specifically* prepare works for the American market in various ways supported a copyright claim). In fact, Plaintiffs have not alleged that any of Plaintiffs' purported Images were licensed or sold in the U.S., only that images can be accessed through the Spanish website (and then, only via a keyword search).

7

*Third*, unlike the plaintiff in *Richardson*, Plaintiffs have not alleged that Defendant uploaded the Images to servers in the U.S. or stated any facts that would support this inference. *See generally* Cmpl.  Indeed, as a Spanish company, located in Spain, owns and operates the Website, it is reasonable to infer that the company maintains its database of Images in Spain.  *See* Wolff Decl. Exs. A–C; *cf. State Street*, 431 F. Supp. 3d at 338–39 (stating that the proposed complaint "d[id] not allege that the images posted by the Australian firms used servers located in the United States—and in 2020, when large internet service companies locate servers across the globe, such an inference by the Court is not reasonable").  Courts that have held that this plus factor was satisfied have identified *specific* allegations in the complaint that a copy of a copyrighted work was uploaded to a server based in the U.S.  *See, e.g.*, *Richardson*, 2021 WL 230192, at *2; *Crunchyroll, Inc. v. Pledge*, No. C 11-2334 (SBA), 2014 WL 1347492, at *17 (N.D. Cal. Mar. 31, 2014); *Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1145 (N.D. Cal. 2011).  There are no such allegations here.

As Plaintiffs' allegations of Defendant's infringing conduct are contradicted by the Website, and Plaintiffs have failed to plead any "plus factor" that would state a copyright claim upon which relief can be granted, the Court should dismiss Plaintiffs' Complaint.

## CONCLUSION

Defendant respectfully requests that the Court grant its Motion and dismiss the Complaint in its entirety with prejudice.

Respectfully Submitted,

Dated: March 4, 2021  
      New York, New York

COWAN, DEBAETS, ABRAHAMS  
  & SHEPPARD LLP

By:   /s/ Nancy E. Wolff  
     Nancy E. Wolff  
     Sara Gates  
     41 Madison Avenue, 38th Floor  
     New York, New York 10010  
     Tel: (212) 974-7474  
     Fax: (212) 974-8474  
     nwolff@cdas.com  
     sgates@cdas.com

*Attorneys for Defendant Age Fotostock America, Inc.*

## CERTIFICATE OF SERVICE

I, Nancy E. Wolff, hereby certify that a true and correct complete copy of the foregoing Defendant Age Fotostock America, Inc.'s Memorandum of Law in Support of its Motion to Dismiss has been served on all counsel of record via the Court's CM/ECF service.

/s/ Nancy Wolff
Nancy E. Wolff
