**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL GRECCO; MICHAEL GRECCO PRODUCTIONS, INC., | Case No. 1:21-cv-00423-JSR |
| *Plaintiffs*, | |
| v. | |
| AGE FOTOSTOCK AMERICA, INC., | |
| *Defendant*. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANT AGE FOTOSTOCK'S MOTION TO DISMISS THE COMPLAINT</u>**

MᴄCᴜʟʟᴏᴄʜ Kʟᴇɪɴᴍᴀɴ Lᴀᴡ
Kevin P. McCulloch
Nate A. Kleinman
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 2

APPLICABLE LEGAL STANDARDS ........................................................................... 3

ARGUMENT ................................................................................................................... 5

I.     DEFENDANT IMPROPERLY RELIES ON EXTRINSIC EVIDENCE AND FACTS BEYOND THE COMPLAINT .................................................. 5

II.    EVEN IF THE COURT DOES CONSIDER THE INFORMATION INCLUDED ON THE WEBSITE, IT DOES NOT SUPPORT DISMISSAL. ................................................. 7

III.   DEFENDANT'S "PLUS FACTOR" ARGUMENT IS MISPLACED BECAUSE PLAINTIFFS DID NOT PLEAD EXTRATERRITORIAL CONDUCT ........................................................ 10

CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 3

*Associated Press v. All Headline News Corp.*, 608 F. Supp. 2d 454
    (S.D.N.Y. 2009) ........................................................................................................ 5

*BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596
    (S.D.N.Y. 2010) ........................................................................................................ 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................... 3

*Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236 (S.D.N.Y. 2000) ............................ 9

*Carter v. Stanton*, 405 U.S. 669 (1972) ....................................................................... 5

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ................................. 5, 7

*Cruz v. TD Bank, N.A.*, 742 F.3d 520 (2d Cir. 2013) ................................................. 10

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375
    F.3d 168 (2d Cir. 2004) ........................................................................................... 4

*Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2000) ............................................... 5

Global Network Comms., Inc. v. City of New York, 458 F.3d 150
    (2d Cir. 2006) ........................................................................................................... 6

*Goldman v. Belden*, 754 F.2d 1059 (2d Cir. 1985) ....................................................... 4

*In re Medical X-Ray Film Antitrust Litig.*, 946 F. Supp. 209
    (E.D.N.Y. 1996) ....................................................................................................... 5

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992) .................................................. 4

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991) ......................................... 6

*Levitin v. Sony Music Ent'mt*, 101 F. Supp. 3d 376 (S.D.N.Y. 2015)
    ............................................................................................................................... 11

*Luft v. Crown Publishers, Inc.*, 772 F. Supp. 1378 (S.D.N.Y. 1991) .......................... 9

*Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F. Supp. 3d 131
    (E.D.N.Y. 2019) .................................................................................................... 1, 7

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g
    Co.*, 712 F. Supp. 2d 84 (S.D.N.Y. 2010) .............................................................. 5

*Muller-Paisner v. TIAA*, 298 F. App'x 461 (2d Cir. 2008) .......................................... 7

*Orozco v. Fresh Direct, LLC*, No. 15-CV-8226 (VEC), 2016 WL
5416510 (S.D.N.Y. Sept. 27, 2016) ............................................................ 7

*Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197 (S.D.N.Y. 2019)
........................................................................................................................ 4

*Richardson v. Complex Media, Inc.*, No. 20-CV-6201 (JSR), 2021
WL 230192 (S.D.N.Y. Jan. 22, 2021) ........................................... 10, 11

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) ............................................ 6

*State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322
(S.D.N.Y. 2020) ............................................................................................ 9

**OTHER AUTHORITIES**

1-12 Melville B. Nimmer & David Nimmer, Nimmer on Copyright
§ 12.09[A][3] (2010) ................................................................................... 4

**RULES**

Fed. R. Civ. P. 12(d) ........................................................................................ 5

Plaintiffs Michael Grecco ("Grecco") and Michael Grecco Productions, Inc. ("MGP") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit this Memorandum of Law in Opposition to the Motion to Dismiss the Complaint (Dkt. Nos. 14-16 ("Motion")) filed by Defendant Age Fotostock America, Inc. ("AF America" or "Defendant").

## PRELIMINARY STATEMENT

Plaintiffs have asserted claims of copyright infringement and unauthorized removal of copyright management information ("CMI") against Defendant AF America, a U.S.-based corporation with an office and registered address in this District.  (*See* Dkt. No. 1 ("Compl.") ¶¶ 7-8.)  Contrary to the characterizations offered by Defendant, the Complaint does *not* assert "allegations of infringement by a foreign entity outside the United States" and Plaintiffs are *not* attempting to "traverse the bounds of the Copyright Act to impute the alleged conduct of a foreign entity on a U.S. company for purposes of proceeding before this Court."  (Dkt. No. 15 ("Def. Br.") at 1-2.)  Instead, the Complaint alleges that a U.S. company – AF America – infringed Plaintiffs' copyrights *in the United States*.  Defendant evidently disputes these factual allegations, but that is not a basis for dismissal on the pleadings.

Instructively, for the same reasons articulated by Plaintiffs here, the U.S. District Court for the Eastern District of New York recently rejected a virtually identical motion to dismiss brought by the same counsel representing Defendant here in another copyright action brought by Plaintiff MGP against a similarly structured licensing agency.  *See Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F. Supp. 3d 131, 135 (E.D.N.Y. 2019) ("To dismiss the complaint based on Defendant's motion, the Court would need to credit facts asserted by Defendant that are directly contradicted by the complaint. . . . includ[ing] Defendant's alleged role in the operation of the Alamy website and the copyright infringements alleged in the complaint.").  Upon being presented with an argument for dismissal nearly identical to the one brought here by AF America, the court in *Alamy*

rejected the motion to dismiss and specifically noted that although "the Alamy website contains certain information that may corroborate Defendant's argument, [] it would be improper for the Court to consider this information for its truth at the pleadings stage, as it is beyond judicial notice." *Id*. at 136 n.1.  The same reasoning applies equally here, and AF America's Motion should be denied for the same reasons.

## STATEMENT OF FACTS

Plaintiff Grecco is a professional photographer and the sole creator of certain photographs (the "Photographs") depicting characters from the television series "X-Files" and "Xena: Warrior Princess."  (*See* Compl. ¶¶ 3, 13, and Exs. 1-2.)  Plaintiff MGP is a California corporation and the entity through which Grecco licenses his photographs.  (*Id*. ¶ 5.)  Defendant AF America is a Delaware corporation with a registered address in the state of New York and an office located in this District.  (*Id*. ¶¶ 7-8.)  As the Complaint expressly alleges, Defendant AF America displays, distributes, and offers for sale/licensing a database of stock photography and other media content through the website www.agefotostock.com (the "AF Website").  (*Id*. ¶¶ 9, 15.)

The Complaint further alleges that Defendant AF America copied, displayed, distributed, and offered for sale Plaintiffs' copyrighted Photographs on the AF Website without proper authority or a valid license, in violation of Plaintiffs' exclusive rights under Section 106 of the Copyright Act.  (Compl. ¶¶ 28-29.)  As discussed more fully below, the AF Website expressly states that any photographs offered for license/sale there are being offered for sale to US customers by "AGEFOTOSTOCK AMERICA, INC." and that any customers who consummate a sale or license through the AF Website enter into an agreement with AF America and AF America only. (Kleinman Decl. Ex. 1.)  The licensing agreement offered on the AF Website for all photographs

published, displayed, and offered for license/sale there (*i.e.*, all "Visual Content") expressly provides that AF America is the "supplier and licensor of the Visual Content." (*Id.*)

In addition to illegally publishing and offering for sale Plaintiffs' Photographs, the Complaint further alleges that Defendant AF America also removed, altered, and/or failed to include credit/attribution information that would have identified Plaintiffs as the author and copyright owner of the Photographs, instead listing other entities as the ostensible rightsholders, in violation of Section 1202 of the Copyright Act. (*Id.* ¶¶ 35-37.)  Given that Defendant AF America is a U.S. company and operates from an office in this District, Plaintiff alleges, upon information and belief, that at least a substantial portion of Defendant's infringing conduct occurred in this District. (*Id.* ¶¶ 11-12.)

Defendant disputes these facts, but points to no pleading deficiencies that would support dismissal of the Complaint under Rule 12(b)(6). (*See* Def. Br. at 2-3.)

## APPLICABLE LEGAL STANDARDS

To survive Defendant's Motion to dismiss, Plaintiffs are not required to prove their case in the pleadings, but rather must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Thus, the governing standard for resolving Defendant's Motion is "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Supreme Court emphasized that this is a relatively low threshold that requires plaintiffs merely to "nudge[] [their] claims . . . across the line from conceivable to plausible." *Id.* at 680.  In the context of copyright claims, this standard implies that a claim is

adequately stated "[s]o long as the allegations of the complaint as a whole 'raise a reasonable expectation that discovery will reveal evidence of the necessary elements for copyright infringement[.]'"  1-12 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 12.09[A][3] (2010) (emphasis added).

The burden on this Motion lies entirely with Defendant as the moving party, and the Court "must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant." *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 202 (S.D.N.Y. 2019).  The question at this stage of the case "is not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004) (quotation omitted). Accordingly, the Court's role "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Id* at 176; *see also Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) (noting that "the court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient.").

To state a plausible claim of copyright infringement, a complaint must allege "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992).

To state a plausible CMI claim under 17 U.S.C. § 1202, a plaintiff "need only allege (1) the existence of CMI on the [works at issue]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *BanxCorp v. Costco Wholesale*

*Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (citing *Associated Press v. All Headline News Corp.*, 608 F. Supp. 2d 454, 461 (S.D.N.Y. 2009)).

**ARGUMENT**

**I.    DEFENDANT IMPROPERLY RELIES ON EXTRINSIC EVIDENCE AND FACTS BEYOND THE COMPLAINT.**

Defendant's Motion does not argue that Plaintiffs have failed to plead any of the required elements to state a claim under the Copyright Act; rather, it asserts that Plaintiffs sued the wrong entity.  In doing so, however, Defendant purports to introduce facts and evidence regarding the ownership and operation of the AF Website which were not included or relied on by Plaintiffs in the Complaint and thus are not properly considered on a Rule 12(b)(6) motion to dismiss.  As a matter of law, the Court must either ignore such facts in ruling on the Motion or convert it to one for summary judgment and allow for proper discovery to be taken.

Rule 12(d) of the Federal Rules of Civil Procedure precludes consideration of extra-pleading materials and states that the Court "must" either exclude such extrinsic evidence from consideration or convert a motion to one for summary judgment.  Fed. R. Civ. P. 12(d); *see also Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F. Supp. 2d 84, 84 (S.D.N.Y. 2010).  This requirement is "strictly enforced" and must be applied whenever a defendant relies on extra-pleading materials in moving to dismiss.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002) (quoting *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000)); *In re Medical X-Ray Film Antirust Litig.*, 946 F. Supp. 209, 214 (E.D.N.Y. 1996) (holding conversion requirement "has been deemed mandatory") (citing *Carter v. Stanton*, 405 U.S. 669, 671 (1972).  Merely referencing a document in the pleadings is not sufficient for it to be considered on a motion to dismiss—it must have been *relied upon* in bringing the claims.  *Id.* at 153 ("[A] plaintiff's *reliance on the terms and effect* of a document in drafting the complaint is

5

a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough.") (emphasis added).

Defendant argues that "the Court may take judicial notice of [the AF Website] because Plaintiffs expressly relied upon it in drafting their Complaint" (Memo. at 4).  However, the fact that Plaintiffs reference the AF Website as the vehicle through which the infringement occurred does not mean that Plaintiffs accepted or *relied upon* the statements contained thereon in bringing their claims, let alone *all* of the statements on even those pages and portions of the AF Website that are not even referred to in the Complaint.  Indeed, Plaintiffs' allegations expressly contradict and *reject* the truth of certain statements made on the AF Website, particularly with respect to the copyright ownership/attribution information displayed with the photographs at issue.  (*See* Compl. ¶¶ 15 (alleging that "AFA [*not Age Fotostock Spain, S.L*] was offering the Photographs for sale/licensing on its website, located at www.agefotostock.com") and 19 (alleging that "each of the Photographs [on the AF Website] includes an explicit watermark falsely identifying these other entities as the respective copyright owner").)  Thus, even if the Court were to take judicial notice of the AF Website, it certainly could not accept all of the statements made thereon *as true* to dismiss Plaintiffs' claims at this stage of the case.  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("If the court takes judicial notice [of public records], it does so in order 'to determine *what* statements [they] contained'—but '*again not for the truth of the matters asserted*.'") (quoting *Kramer v. Time Warner Inc*., 937 F.2d 767, 774 (2d Cir. 1991)) (emphasis added in *Roth*); *Global Network Comms., Inc. v. City of New York,* 458 F.3d 150, 156 (2d Cir. 2006) (finding reversible error where "not only did the district court consider external material in its ruling, it relied on those materials to make a finding of fact that *controverted* the plaintiff's own factual assertions set out in the complaint.") (emphasis in original); *cf. Muller-Paisner v. TIAA*, 298 F. App'x 461, 466 n.5

6

(2d Cir. 2008) (noting that "[j]udicial notice may be taken of the defendants' website for the fact of its publication" but not for the truth of the statements).

At best, Defendant's extra-pleading material presents a classic material dispute of fact that warrants discovery and which Rule 12(d) requires either denying the Motion entirely or converting it to one for summary judgment. *See Chambers*, 282 F.3d at 154 (where court elects not to exclude extrinsic evidence, it is "obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56."); *Alamy*, 372 F. Supp. 3d at 135-36 ("Alamy's argument boils down to simple denial of the complaint's factual contentions and any wrongdoing. While this argument may ultimately succeed at a later point in the litigation, *e.g.*, after some discovery has occurred, it is not an appropriate ground on which to dismiss the complaint at the pleadings stage").

## II.  EVEN IF THE COURT DOES CONSIDER THE INFORMATION INCLUDED ON THE WEBSITE, IT DOES NOT SUPPORT DISMISSAL.

Defendant asserts that the AF Website "is owned and operated by agefotostock Spain, S.L." and thus "[i]t is reasonable to infer from the Website that the alleged infringing conduct that Plaintiffs complain of occurred outside the United States." (Def. Br. at 5.)  But if the Court is to consider the contents of the AF Website on this Motion, it must consider *all* of the relevant content, not simply the information Defendant has presented.  *See Orozco v. Fresh Direct, LLC*, No. 15-CV-8226 (VEC), 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016) (holding that, where a website was incorporated by reference, "the Court may consider the website *in its totality* as it existed during the relevant time period in resolving Defendants' motion to dismiss.") (emphasis added).

Other information included on the AF Website contradicts Defendant's assertion that it "does not own, operate, or have 'absolute control' over the content on the Website" and allegedly

"has no control over the Website; a foreign entity does." (Def. Br. at 2.)  For example, when a U.S.-based customer visits the AF Website, the "Visual Content License Agreement" provided thereon expressly states that "THIS IS A LEGAL AGREEMENT BETWEEN YOU AND AGEFOTOSTOCK AMERICA, INC."   (Kleinman Decl. Ex. 1.)   The agreement defines "agefotostock" as "agefotostock America, Inc. as supplier and licensor of the Visual Content" and defines "Visual Content" as "the visual content which may consist of photographs . . . which is licensed by agefotostock to the Client/Final Client under the present Agreement." (*Id*.)  The license agreement also includes a choice of law/venue provision which states that "[t]his Agreement and all matters collateral thereto shall be governed by and construed in accordance with the laws of the State of New York . . . and any dispute arising hereunder shall be litigated solely in a court of competent jurisdiction in New York, USA." (*Id*.)

If all of the content on the AF Website is owned and controlled by agefotostock Spain, S.L. ("AF Spain"), as Defendant asserts, it is confounding that the AF Website would explicitly state that AF America is the "supplier and licensor" of such content to U.S. customers and that any related disputes must be brought in New York.

Plaintiffs' claims do not arise solely based on the ownership of the AF Website and/or its domain address, but on the copying, distributing, selling, and licensing of the Photographs at issue. From the terms of the license being offered to customers who visit the AF Website, it is evident that AF America already has obtained rights in and control over all of the Visual Content on the AF Website, including Plaintiffs' Photographs that were published there.  If that were not the case, then how could AF America hold itself out to all visitors to the AF Website as both the "licensor" of any licenses purchased through the AF Website and the "supplier" of any Visual Content subject to such licenses, which would include Plaintiffs' Photographs?  Defendant cannot simultaneously

hold itself out as the "supplier and licensor" of the Photographs and then when a claim is brought against it – *in its own required venue* – disclaim any involvement whatsoever.

Even if AF America's foreign parent corporation was involved, facilitated, and/or otherwise contributed to these infringements, the available evidence demonstrates that AF America is equally involved in the violations of Plaintiffs' rights and would share joint and several liability with AF Spain. *See Luft v. Crown Publishers, Inc.*, 772 F. Supp. 1378, 1379 (S.D.N.Y. 1991) ("All participants of a copyright infringement are jointly and severally liable."). And if AF America believes that it acquired such rights and then subsequently made representations to all visitors to the AF Website based on representations and assurances provided to it by AF Spain, then perhaps AF America has a claim for indemnification against AF Spain and should seek to implead AF Spain in this action, if it wishes. But AF America certainly cannot deny its full involvement in the infringements at issue, and it absolutely cannot point to any deficient pleading elements or factual allegations in the Complaint that would support dismissal of Plaintiffs' lawsuit under Rule 12(b)(6).

At worst, even if the Court were to accept Defendant's invitation to ignore the clear and controlling dictates of Rule 12(d) and not only consider but accept as true the statements on the AF Website, that would merely support dismissing the Complaint without prejudice and with leave to replead.[1] *See State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020) (granting leave to replead where direct infringement claim against foreign entity was not

---

[1] Although the U.S. Copyright Act does not apply extraterritorially, this Court has previously held that a copyright owner may assert claims of infringement under foreign law in U.S. courts, pursuant to either diversity jurisdiction or pendent subject matter jurisdiction theories. *See Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 257-58 (S.D.N.Y. 2000) (collecting cases and noting that "[s]everal courts and authorities support the exercise of jurisdiction over foreign copyright infringement claims."). Thus, asserting a claim against Defendant and AF Spain on the basis of violations of *both* U.S. and Spanish copyright law would not be prohibited.

adequately alleged) (citing *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013) ("[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead.")).

## III.   DEFENDANT'S "PLUS FACTOR" ARGUMENT IS MISPLACED BECAUSE PLAINTIFFS DID NOT PLEAD EXTRATERRITORIAL CONDUCT.

Lastly, Defendant points to this Court's recent decision in *Richardson v. Complex Media, Inc.*, No. 20-CV-6201 (JSR), 2021 WL 230192, at *2 (S.D.N.Y. Jan. 22, 2021), for the argument that "when a copyright claim involves acts abroad, there must be some domestic predicate act to give rise to an actionable claim under the Copyright Act." (Def. Br. at 6.)  However, as discussed above, it is Defendant – not Plaintiffs – that claims the infringement occurred abroad, based on information beyond the complaint and contrary to Plaintiffs' allegations.  Indeed, Plaintiffs *only* pled a domestic act of infringement, committed by a domestic company/defendant.  To the extent any extraterritorial conduct was involved, those facts were not relied on by Plaintiffs in bringing suit and thus cannot be the basis for dismissing the Complaint at this stage.

In *Richardson*, the plaintiff asserted infringement claims against *both* a U.S. company and its U.K affiliate, alleging that the U.S. company either published the content itself or "directed" the U.K. company to publish it to the "@complex_uk" Instagram account, thereby creating a copy of the photo at issue on Instagram's servers in the United States.  *See Richardson*, 2021 WL 230192, at *1.  The Court denied a motion to dismiss in that case, finding that "Richardson state[d] a claim by alleging a domestic predicate act that is itself an act of copyright infringement."  *Id*. at *2.  The same is true in this case.

Plaintiffs allege that AF America, *acting from the U.S. and within this District*, copied, distributed, and offered Plaintiffs' Photographs for sale in the United States through the AF Website[2] and, prior to doing so, removed and/or altered Plaintiffs' CMI on those Photographs.

---

[2] Even if the underlying infringing conduct occurred abroad, Defendant is incorrect that "Plaintiffs

(*See* Compl. ¶¶ 11-12, 15, 29, 35.)  That conduct, whether a "predicate" of other conduct or not, is itself an infringement of Plaintiffs' copyrights occurring in the United States, and sufficient to state a copyright claim against the domestic party.  *Cf. Levitin v. Sony Music Ent'mt*, 101 F. Supp. 3d 376, 385 (S.D.N.Y. 2015) (noting the exception to the extraterritoriality rule being "where an individual, who commits an act of infringement in the U.S., which permits further reproduction outside of the U.S.—a so-called 'predicate act'—is liable for infringement under the U.S. Copyright Act.").  The Court in *Richardson* found that "[i]n addition, [plaintiff] pleads the necessary 'plus factor' by alleging 'the uploading of copyright materials to servers located in the United States." *Richardson*, 2021 WL 230192 at *2.  But that "plus factor" was only necessary because extraterritorial conduct had *also* been alleged and a foreign entity was included as a defendant.  *Id*. ("[W]hen a copyright infringement claim involves acts abroad, a plaintiff must *also* allege 'a predicate act' of infringement in the United States that permits further reproduction abroad to state a claim upon which relief can be granted.") (emphasis added).

Even though the Complaint alleges only actions in the United States by AF America, and notwithstanding that the AF Website itself holds AF America out as the "supplier and licensor" of the Photographs being offered for sale here in the United States, Defendant now expects this Court to ignore both elements and instead rely on the truth of other statements on the AF Website to conclude – as a *factual matter* – that all actions related to the infringement of Plaintiffs' rights were committed by AF America's foreign parent, in a different country, without any other relevant infringements in the United States.  But none of those factual matters is alleged in the Complaint,

---

have not pleaded the type of direction of a copyrighted work into the U.S. that supports a copyright violation under U.S. law."  (Def. Br. at 7.)  Plaintiffs allege that Defendant "conducts substantial and ongoing business in the State of New York, including by maintaining an office location in this District *for purposes of licensing and distributing photographs to New York consumers*."  (Compl. ¶ 12 (emphasis added).)

and Defendant offers no serious basis for the Court to accept Defendant's contrary recitation of the facts.

Defendant's attempt to manufacture a basis for dismissal by inserting extraterritorial conduct into the pleadings must be rejected.  But again, even if the Court accepts Defendant's argument, the proper course would be to dismiss without prejudice and with leave to replead in order to allow Plaintiffs the opportunity to allege a sufficient domestic predicate act.

## CONCLUSION

For the forgoing reasons, Defendant's Motion to Dismiss should be DENIED.

Dated:  March 18, 2021
          New York, New York.

MCCULLOCH KLEINMAN LAW

By:  _____

Nate A. Kleinman
Kevin P. McCulloch
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
Kevin@mkiplaw.com
Nate@mkiplaw.com

*Attorneys for Plaintiffs*