UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GRECCO; MICHAEL GRECCO PRODUCTIONS, INC.,

*Plaintiffs*,

v.

AGE FOTOSTOCK AMERICA, INC.,

*Defendant*.

Case No.: 1:21-cv-00423-JSR

**DEFENDANT AGE FOTOSTOCK AMERICA, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Nancy E. Wolff
Sara Gates
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474

*Attorneys for Defendant Age Fotostock America, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................1

ARGUMENT ....................1

I. THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT ....................1

A. The Court May Consider the Website on This Motion ....................1

B. The Website Forecloses Plaintiffs' Claims ....................4

C. The Court Should Not Consider the Attachment to the Kleinman Declaration ....................6

D. The Court Should Not Grant Leave to Replead ....................9

CONCLUSION ....................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chanel, Inc. v. RealReal, Inc.*,
449 F. Supp. 3d 422, 429 n.1 (S.D.N.Y. 2020)....................2, 4

*Ehlers v. Ben & Jerry's Homemade Inc.*,
No. 19-CV-00194 (CR), 2020 WL 2218858, at *4 (D. Vt. May 7, 2020) ....................3

*Glob. Network Commc'ns, Inc. v. City of New York*,
458 F.3d 150, 156 (2d Cir. 2006)....................2

*Lopez v. Bonanza.com, Inc.*,
No. 17-CV-8493 (LAP), 2019 WL 5199431, at *22 (S.D.N.Y. Sept. 30, 2019) ....................5

*Mangiafico v. Blumenthal*,
471 F.3d 391, 398 (2d Cir. 2006)....................4

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184, 200 (2d Cir. 2007)....................9–10

*Michael Grecco Prods., Inc. v. Alamy, Inc.*,
372 F. Supp. 3d 131 (E.D.N.Y. 2019) ....................2

*Noland v. Janssen*,
No. 17-CV-5452 (JPO), 2020 WL 2836464, at *3 (S.D.N.Y. June 1, 2020) ....................5

*Orozco v. Fresh Direct, LLC*,
No. 15-CV-8226 (VEC), 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016)....................3

*Perry v. NYSARC, Inc.*,
424 F. App'x 23, 25 (2d Cir. 2011) ....................5–6

*Philpot v. ACB Assocs., L.P.*,
No. 17-CV-4646 (DAB), 2018 WL 1801304, at *3 (S.D.N.Y. Mar. 23, 2018)....................6

*Poindexter v. EMI Rec. Grp. Inc.*,
No. 11-CV-559 (LTS) (JLC), 2012 WL 1027639, at *2
(S.D.N.Y. Mar. 27, 2012) ....................6

*Spanski Enters. v. Telewizja Polska, S.A.*,
883 F.3d 904, 916 (D.C. Cir. 2018)....................10

*State St. Glob. Advisors Tr. Co. v. Visbal*,
431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020)....................5, 10

*TechnoMarine SA v. Jacob Time, Inc.*,
No. 12-CV-0790 (KBF), 2012 WL 2497276, at *1 n.1
(S.D.N.Y. June 22, 2012)....................................................................................................4

*Wolk v. Kodak Imaging Network, Inc.*,
840 F. Supp. 2d 724, 742 (S.D.N.Y. 2012)...............................................................4–5

Defendant Age Fotostock America, Inc. by and through its undersigned counsel, respectfully submits this reply memorandum of law in further support of its Motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiffs' Complaint.[1]

**PRELIMINARY STATEMENT**

Plaintiffs' claims depend entirely on the Website at issue. As a result, the question of liability turns on who controls the content accessed through the Website. Plaintiffs direct the Court to ignore the clear language regarding location of content on the Website and to only focus on the allegations in the Complaint, but the Court is not bound by the four corners of the pleading in this instance and may consider the terms on the Website that Plaintiffs relied so heavily upon in drafting and framing their Complaint. Considering these materials, it is evident that Plaintiffs have not stated a plausible copyright claim, as they have not alleged any volitional conduct by Defendant in the United States, other than the allegation that Defendant maintains an office in New York. *See* Opp. at 3 (citing Cmpl. ¶¶ 11–12). Plaintiffs' Section 1202 claim fails on the same basis, and Plaintiffs' conclusory and boilerplate allegations should not be credited.

**ARGUMENT**

**I. THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT**

**A. The Court May Consider the Website on This Motion**

Plaintiffs' attempt to oppose Defendant's Motion on the ground that it purports to offer extrinsic evidence outside the Complaint fails at the outset because of the exceptions to Fed. R. Civ. P. 12(d)'s conversion requirement—namely, that conversion is not required where (1) the

[1] Unless otherwise indicated, capitalized terms bear the same meaning ascribed to them in Defendant's moving brief (the "Moving Brief" or "Mov. Br."). *See* Dkt. No. 15. "Opposition" or "Opp." refers to Plaintiffs' opposition brief, *see* Dkt. No. 17, and "Kleinman Declaration" or "Kleinman Decl." refers to the accompanying declaration submitted therewith. *See* Dkt. No. 18.

materials are integral to the Complaint, or (2) are an appropriate subject for judicial notice.[2] *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006). Here, the language on the Website pages cited by Defendant in its Moving Brief is integral to the Complaint because the pleading expressly quotes from the Website (*see, e.g.*, Cmpl. ¶ 9), relies upon it heavily throughout the Complaint, appends screenshots of the Website, and alleges injuries specifically based on the display and offer for sale of the Photographs accessed through the Website.[3] *See* Cmpl. ¶¶ 15–18, 32–33, 35, 38, Ex. 2; *see also Chanel, Inc. v. RealReal, Inc.*, 449 F. Supp. 3d 422, 429 n.1 (S.D.N.Y. 2020) (considering defendant's website integral to the complaint where the complaint relied extensively on website's terms and effect). Indeed, Plaintiffs identify a purported office address for AF America, separate from the address of record in state business records, which Plaintiffs could have only obtained from the Website. *See* Cmpl. ¶¶ 7–8; *Contact Us*, agefotostock.com, https://www.agefotostock.com/age/en/contact-us/ (last visited Mar. 25, 2021).

Plaintiffs argue that the Website is merely a vehicle and that they did not rely on statements contained therein in bringing their claims (Opp. at 6), but, as evident from a review of the pleading, both of Plaintiffs' claims derive from and are specifically based on the *contents* accessed via the Website (and there is no allegation that there is any other way to obtain the Photographs other than via the search bar located on the Website). *See, e.g.*, Cmpl. ¶¶ 15–17, 28–29 (attaching screenshots

---

[2] While the Court can likely decide this Motion on these grounds, to the extent that it is necessary, the Court should exercise its discretion pursuant to Fed. R. Civ. P. 12(d) to convert this Motion to one for summary judgment in order to facilitate a quick and efficient disposition of this case.

[3] While *Michael Grecco Prods., Inc. v. Alamy, Inc.*, 372 F. Supp. 3d 131 (E.D.N.Y. 2019), involved different facts and different grounds for its motion to dismiss, it may also be distinguished on this basis, as the complaint in this case did not expressly quote or heavily rely on the website, so the court did not consider whether it was integral to the complaint. Plaintiffs' counsel, who is not litigating the case in the Eastern District and does not have the benefit of a full review of the facts and documents considered by the Court, nonetheless makes a number of mischaracterizations regarding the case in the preliminary statement in the Opposition. *See* Opp. at 1–2. These mischaracterizations should be disregarded.

of the Website and alleging infringement based on Defendant's display and offering of the Photographs for sale on the Website), Cmpl. ¶¶ 18–20 (detailing basis for § 1202 claim by describing Photographs "as displayed and offered for sale on the AFA Website"); *see also Ehlers v. Ben & Jerry's Homemade Inc.*, No. 19-CV-00194 (CR), 2020 WL 2218858, at *4 (D. Vt. May 7, 2020) (finding representations made on website were "integral to the Complaint and provide the factual basis for some of Plaintiff's claims," such that the website was properly before the court in adjudicating the defendants' motion to dismiss). Without the Website, Plaintiffs would have no claims as there would be no means to access the Photographs. The Court need not credit Plaintiffs' off-hand assertion, made via counsel, that they did not rely upon the Website in drafting the Complaint, when the entire Complaint hinges on the Website. *See Orozco v. Fresh Direct, LLC*, No. 15-CV-8226 (VEC), 2016 WL 5416510, at *5 (S.D.N.Y. Sept. 27, 2016) (considering the totality of a website on a motion to dismiss because it was "at the center of Plaintiffs' allegations").

Reviewing each specific web page, the Court should consider the "About Us" page on the Website for the purpose of this Motion, given Plaintiffs' express reliance upon and quotation of this page in drafting their Complaint. *Compare* Cmpl. ¶ 9 (expressly quoting the "About Us" page), *with About Us*, agefotostock.com, https://www.agefotostock.com/age/en/AboutUs.aspx (last visited Mar. 25, 2021). The Court should also consider the "Website Terms" page as this page governs users' access and use of the Website and provides certain definitions, such as "agefotostock," that are used throughout the Website. *See Website Terms and Conditions of Use*, agefotostock.com https://www.agefotostock.com/age/en/Legal/WebsiteTerms (last visited Mar. 25, 2021) [hereinafter *Website Terms*]. In accessing the Website to take screenshots of its pages, which Plaintiffs appended to the Complaint, Plaintiffs must have agreed to be bound by these terms and conditions. *See id.* Additionally, the Court should consider the top bar, as it is an anchored

component that is visible throughout pages of the Website, including on the "About Us" and "Website Terms" pages. *See About Us*, *supra*; *Website Terms*, *supra.* The Court may consider these web pages to be true for purposes of the Motion. *See Chanel*, 449 F. Supp. 3d at 429 n.1 (considering the defendant's website and assuming the factual allegations set forth in the complaint, exhibits, and website to be true for purposes of the motion to dismiss). Any harm to Plaintiffs from the Court's consideration of these materials is largely dissipated because it is evident that Plaintiffs reviewed and relied upon the Website in drafting and framing the allegations in their Complaint. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

Additionally, the Court may take judicial notice of the domain registration information, which is available in public records. *See TechnoMarine SA v. Jacob Time, Inc.*, No. 12-CV-0790 (KBF), 2012 WL 2497276, at *1 n.1 (S.D.N.Y. June 22, 2012). Plaintiffs do not address this information in their Opposition or dispute the relevancy or accuracy of the records maintained by Internet Corporation for Assigned Names and Numbers ("ICANN"), a non-profit organization that coordinates and manages the global domain name system and Internet protocol addresses. *See generally* Opp. The Court need not take judicial notice of this information for the truth of the matter, but rather may consider it for the fact that AF America is not identified as the owner of the domain in question. *See* Dkt. No. 16-3; *see also TechnoMarine SA*, 2012 WL 2497276, at *1 n.1.

**B. The Website Forecloses Plaintiffs' Claims**

Considering the materials properly before the Court, Plaintiffs have not stated a plausible copyright claim. For copyright infringement, a plaintiff must allege volitional conduct by the defendant. *See Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 742 (S.D.N.Y. 2012) ("Direct liability requires 'volitional conduct' that 'causes' the infringement." (quoting *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 131 (2d Cir. 2008)), *aff'd sub nom. Wolk*

*v. Photobucket.com, Inc.*, 569 F. App'x 51 (2d Cir. 2014). It is axiomatic that a copyright plaintiff must also allege a domestic predicate act. *See State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020); *cf. Noland v. Janssen*, No. 17-CV-5452 (JPO), 2020 WL 2836464, at *3 (S.D.N.Y. June 1, 2020). Plaintiffs have failed to meet these requirements.

In their Complaint, Plaintiffs merely plead that (1) AF America has an office in this District (*see* Cmpl. ¶¶ 11–12), and (2) AF America operates the Website, by which it copied, distributed, and offered Plaintiffs' Photographs for sale, and prior to doing so, removed and/or altered copyright management information. *See id.* ¶¶ 15, 29, 35. Both of Plaintiffs' claims depend on who took actions in connection with the Website, and as a result, liability turns on who owns and controls the content on the Website. *Cf. Lopez v. Bonanza.com, Inc.*, No. 17-CV-8493 (LAP), 2019 WL 5199431, at *22 (S.D.N.Y. Sept. 30, 2019) (noting that the "pivotal factor in determining whether there was such a volitional act is the initiation of the act of copying" (internal quotation marks and citation omitted)). However, Plaintiffs' allegations against Defendant in this regard are foreclosed by the About Us and Website Terms pages, which indicate that AF America does not own or operate the Website that gave rise to the allegedly infringing activity. *See About Us*, *supra* (identifying "agefotostock" as a "stock photography and video agency based in Spain"); *Website Terms*, *supra* (identifying agefotostock Spain, S.L. as the owner and operator of the Website). If AF America does not own or operate the Website, it is reasonable to infer that it does not control the database behind the Website. The Court should not accept Plaintiffs' allegations concerning the Website as true where they are clearly refuted by material that the Court may consider on a motion to dismiss. *See Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25 (2d Cir. 2011) (noting that, although at the pleading stage courts must accept as true all factual assertions in a complaint, there is an exception where factual allegations "are contradicted by the complaint itself, by documents

upon which the pleadings rely, or by facts of which the court may take judicial notice"); *accord Poindexter v. EMI Rec. Grp. Inc.*, No. 11-CV-559 (LTS) (JLC), 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012).

Plaintiffs attempt to side-step this ownership issue by arguing that their "claims do not arise solely based on the ownership of the AF Website . . . but on the copying, distributing, selling, and licensing of the Photographs at issue." Opp. at 8. However, this argument assumes that "copying, distributing, selling, and licensing of the Photographs" could occur without the Website. Plaintiffs have alleged no separate basis for how the alleged infringements took place, absent the Website, but rather Plaintiffs expressly identify the Website as the source of the alleged infringements. *See* Cmpl. ¶ 15. As Plaintiffs' allegations regarding the content of the Website serve as the sole basis for their claims, and AF America does not own or control the content on the Website,[4] Plaintiffs cannot plausibly allege that AF America is responsible for displaying and offering for sale the Photographs on the Website, alongside altered copyright management information. *See Philpot v. ACB Assocs., L.P.*, No. 17-CV-4646 (DAB), 2018 WL 1801304, at *3 (S.D.N.Y. Mar. 23, 2018) (dismissing defendant from copyright action where the court took notice that a single defendant operated the website that contained the photograph at issue, rendering the plaintiff's claim that the other defendant infringed his copyright implausible).

**C. The Court Should Not Consider the Attachment to the Kleinman Declaration**

In their Opposition, Plaintiffs attempt to bootstrap their deficient pleading by introducing—

[4] Plaintiffs' off-hand assertion that AF Spain, which is not a party to this lawsuit, should be held jointly and severally liability or its suggestion that AF Spain should be impleaded by Defendant is not relevant to this Motion. *See* Opp. at 9. Moreover, to the extent that Plaintiffs are arguing that AF America undertook a "predicate act" that gave rise to further conduct abroad (*see* Opp. at 10–11), this is wholly unsupported by the allegations in the Complaint and the documents which the Court may consider on this Motion.

for the first time—a cherry-picked version of a license agreement (of which there are many) accessible through the Website. *See* Kleinman Decl. Ex. 1. Curiously, Plaintiffs argue on one hand that they did not rely on the Website in drafting their Complaint (*see* Opp. at 6) and, on the other hand, argue that the Court should base its decision on this version of the license agreement, while ignoring all other versions. *See id.* at 7–8. This argument fails for at least three reasons.

*First*, Plaintiffs' Opposition is the first time that Plaintiffs have raised any allegations regarding this document. Plaintiffs did not identify, quote, or cite to this particular document in their Complaint, let alone any license agreement available on the Website. *See generally* Cmpl. As Plaintiffs argue in their Opposition, a document that is not relied upon in drafting the Complaint should not be considered on a motion to dismiss. *See* Opp. at 5–6. Moreover, to the extent that the Court chooses to take judicial notice of the document, it should not take it for the truth of the statements therein, which is what Plaintiffs are asking the Court to do.

*Second*, this form agreement is also outside the scope of the Motion because Plaintiffs have not alleged in their Complaint that any Photographs were *actually* licensed through the Website, or that this specific version of the agreement (of which there are many) was used. *See generally* Cmpl. Indeed, Plaintiffs stop short of alleging that a license transaction took place (likely because they cannot successfully do so).[5] *See, e.g.*, *id.* ¶ 29 ("Defendant copied, published, displayed, and distributed Plaintiffs' copyrighted Photographs for purposes of selling licenses . . . ."), ¶ 33 ("By copying, displaying, publishing, and otherwise exploiting Plaintiffs' copyrighted works . . . ."). The focus of Plaintiffs' claims is on the display and *offers* for sale of the Photographs, rather than actual licensing. *See id.* ¶¶ 15, 17–18, 29, 33. The Court should disregard Plaintiffs' attempt to

[5] While this fact is generally outside the scope of this Motion, a representative for AF Spain, before the commencement of this lawsuit, advised Plaintiff that no sales or licenses of the Photographs occurred anywhere.

tack on additional dubious allegations to their Complaint.

*Third*, Plaintiffs argue that the Court should consider the totality of the Website, but then single out one version of the license agreement and claim without any basis that this is the operative agreement—even though Plaintiffs have not pled that Defendant licensed any Photographs, or that this agreement was used. *See generally* Cmpl. Notably, as explained in Defendant's Moving Brief, the Website offers users the ability to choose which version of the Website they would like to use from a list of 231 countries, nations, territories, and islands around the world. *See* Mov. Br. at 6–7. A review of the functionality of this top bar on any page of the Website shows that the selection is left to the option of the user. *See About Us*, *supra*; *Website Terms*, *supra.* A user in Germany could choose to view the Spain version of the Website, or vice versa. The versions of the license agreement on both the Germany and Spain geographic Website options—along with countless other options—identify AF Spain as the licensor and impose Spanish choice of law. *See Visual Content License Agreement* (Germany Selection), agefotostock.com, https://www.agefotostock.com/age/en/legal/LicensingTerms (last visited Mar. 25, 2021); *Visual Content License Agreement* (Spain Selection), agefotostock.com, https://www.agefotostock.com/age/en/legal/LicensingTerms (last visited Mar. 25, 2021). As there is no allegation before the Court that any licensing transaction occurred, or that this particular license agreement was used, the Court should not consider this agreement, above all other materials that are properly before the Court, for purposes of this Motion.

Even if this Court chooses to consider or take judicial notice of the document attached to the Kleinman Declaration, which it should not, the document does not support Plaintiffs' specious assertions in their Opposition that "AF America already has obtained rights in and control over"

Plaintiffs' Photographs. Opp. at 8.[6] While the document provides certain definitions, as it clearly states, the agreement is not operative *until* a user downloads or uses visual content (*see* Kleinman Decl. Ex. 1), and even then, the user may not even see this particular agreement, as the user must first select a version of the Website, with the vast majority of versions offering a different license agreement that identifies AF Spain as the licensor. Plaintiffs have not alleged anywhere in their Complaint that any third-party user has actually downloaded or used Plaintiffs' Photographs at issue for this agreement to come into play, nor have Plaintiffs alleged that this particular license agreement would be the *operative* agreement, when the license agreement provided depends on which version of the Website (out of 231) is selected. *See generally* Cmpl. Plaintiffs' assertion in its Opposition that "AF America hold[s] itself out to all visitors to the Website as both the 'licensor' of any licenses purchased through the AF Website and the 'supplier' of any Visual Content subject such licenses" is simply false. Opp. at 8. It is obvious that Plaintiffs are merely trying to circumvent the inconvenient fact that the proper jurisdiction for this case is Spain, and not New York, as it is reasonable to infer from the documents properly before this Court that the Photographs reside in a database in Spain and are controlled by a Spanish company.

**D. The Court Should Not Grant Leave to Replead**

In the event that the Court grants the Motion, the Court should not grant Plaintiffs leave to replead because any amendment would be futile as Plaintiffs will not be able to allege a domestic predicate act, as detailed in the Moving Brief. *See* Mov. Br. at 6–8; *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (stating that "it is within the sound discretion

[6] Indeed, Plaintiffs tacitly acknowledge the inaccuracy of this position by acknowledging in their statement of facts that this particular agreement only becomes operative when customers "consummate a sale or license" (Opp. at 2), and Plaintiffs have not alleged that anyone consummated a sale or license of Plaintiffs' Photographs here.

of the district court to grant or deny leave to amend" and the court may "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party"). Plaintiffs' assertion in a footnote that the "direction" plus factor is satisfied by their allegation, solely upon information and belief, that Defendant maintains an office in the District "for purposes of licensing and distributing photographs to New York consumers" (*see* Opp. at 10–11 n.2) is unsupported by case law, which generally requires a specific *direction* of the copyrighted work at issue into the U.S., not mere availability to users in 231 locations around the world. *See State St. Glob. Advisors Tr. Co*, 431 F. Supp. 3d at 340 (citing *Spanski Enters. v. Telewizja Polska, S.A.*, 883 F.3d 904, 916 (D.C. Cir. 2018)). Additionally, to the extent that Plaintiffs seek to name AF Spain as a defendant, it is unlikely that Plaintiffs would be able to establish jurisdiction over a Spanish entity.

## CONCLUSION

Defendant respectfully requests that the Court grant its Motion and dismiss the Complaint with prejudice.

Respectfully Submitted,

Dated: March 25, 2021
New York, New York

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: /s/ Nancy E. Wolff

Nancy E. Wolff
Sara Gates
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
sgates@cdas.com

*Attorneys for Defendant Age Fotostock America, Inc.*

**CERTIFICATE OF SERVICE**

I, Nancy E. Wolff, hereby certify that a true and correct complete copy of the foregoing Defendant Age Fotostock America, Inc.'s Reply Memorandum of Law in Further Support of its Motion to Dismiss has been served on all counsel of record via the Court's CM/ECF service.

/s/ Nancy Wolff
Nancy E. Wolff