UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GRECCO and MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> AGE FOTOSTOCK AMERICA, INC., <br><br> Defendant. | 21-cv-423 (JSR) <br><br> MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.

Plaintiffs Michael Grecco and Michael Grecco Productions, Inc. are the registered copyright owners of several photographs from the "Xena, Warrior Princess" and "X-Files" televisions programs. Defendant Age Fotostock America, Inc. ("AF America") is a stock photo company that is incorporated in Delaware and maintains an office on Wall Street. In or around September 2020, Grecco discovered that misattributed versions of his photographs were for sale on agefotostock.com. Grecco alleges that AF America removed attribution and copyright information that originally appeared on the photos in violation of 17 U.S.C. § 1202(b) and offered the photos for sale without his consent in violation of 17 U.S.C. § 106. AF America moves to dismiss the Complaint for failure to state a claim. For the reasons that follow, the Court denies the motion to dismiss.

1

**BACKGROUND**

I. <u>Factual Background</u>

The following factual allegations are taken from the Complaint and documents attached to the Complaint as an exhibit or incorporated in it by reference. See <u>Yamashita v. Scholastic, Inc.</u>, 936 F.3d 98, 104 (2d Cir. 2019); <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002). Michael Grecco is a California-based photographer who makes a living by licensing photos through Michael Grecco Productions, Inc., a successor company to his previous licensing entity, Michael Grecco Photography, Inc. Complaint, ECF No. 1, at ¶¶ 3-6. Through his licensing company, Grecco is the registered copyright owner of three photographs of the characters Dana Scully and Fox Mulder from the television show <u>The X-Files</u> and one photograph of the characters Xena and Ares from the television show <u>Xena: Warrior Princess</u> (the "Photographs"). <u>Id.</u> at ¶¶ 13, 24; Compl., Ex. 1, ECF No. 1-1.

Age Fotostock America, Inc. ("AF America") is a company that licenses stock photographs. Compl. ¶ 9. AF America is incorporated in Delaware, and its principal place of business is an office in Manhattan. <u>Id.</u> at ¶¶ 7-8. In or around September 2020, Grecco learned that the Photographs were being offered for sale and licensing on www.agefotostock.com without a license or Grecco's consent. <u>Id.</u> at ¶¶ 15-17; <u>see also</u> Compl., Ex. 2. Grecco alleges

that the original photos included "express credit/attribution stating that Plaintiff Grecco was the original author and copyright owner in and to the Photographs." Id. at ¶ 21. However, on the Age Fotostock website, United Archives and Mary Evans/AF Archive/Universal TV are listed as authors of the Photographs, and the Photographs bear watermarks of the Age Fotostock logo and copyright attributions to United Archives and Mary Evans/AF Archive/Universal TV. Id. at ¶¶ 18-20; Compl., Ex. 2. Grecco alleges that AF America intentionally removed, altered, or failed to include his copyright information "to conceal the unauthorized use of the Photograph." Id. at ¶ 36.

Grecco further alleges that AF America "had absolute control over the content that it included on its website and had the ability to prevent the infringements." Id. at ¶ 31. Grecco further alleges that by offering the Photographs for sale on agefotostock.com, AF America has "generated increased web traffic, revenue and profit," and has reaped reputational benefits by associating the Photographs with the Age Fotostock brand. Id. at ¶¶ 22, 33.

II. Procedural Background

Grecco sued AF America on January 18, 2021, alleging that AF America (1) directly or secondarily infringed Grecco's copyright when it "copied, published, displayed and distributed" the

3

Photographs without authorization in violation of 17 U.S.C. § 106 and (2) intentionally removed or altered copyright management information in violation of 17 U.S.C. § 1202(b). See ECF No. 1.

AF America moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), including with its submission a declaration, a copy of the agefotostock.com "Website Terms," a copy of the website's "About US" page, the results of a search for "agefotostock.com" on the Internet Corporation for Assigned Names and Numbers (ICANN) domain name registry, and a copy of the agefotostock.com homepage. See ECF No. 16, at Exs. A-D. In response, Grecco attached to his opposition to the motion to dismiss a copy of the "Visual Content License Agreement" available to United States purchasers and licensees on agefotostock.com. See ECF No. 17, at Ex. 1. Neither party seeks conversion of the motion to dismiss into a motion for summary judgment.

## LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all of the complaint's factual allegations as true, and draw[s] all reasonable inferences in the plaintiffs' favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). Conclusory allegations and "[t]hreadbare recitals of the elements of a cause of action," however, are not presumed true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Setting aside such allegations, "a complaint must contain sufficient factual matter, accepted as true, to 'state

4

a claim for relief that is plausible on its face.'" Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc., 847 F.3d 92, 94 (2d Cir. 2017) (quoting Iqbal, 556 U.S. at 678). A claim for relief is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## DISCUSSION

### I.   Extrinsic Documents

In support of its motion to dismiss, AF America attaches and refers to several documents beyond the pleadings, including the Age Fotostock website's home page, terms of use, and "About Us" page, as well as the results of a domain name registration search for agefotostock.com. See Wolff Decl., ECF No. 16, Ex. A-D. As a threshold matter, the Court declines to consider this material, because it is not integral to the Complaint. A document is considered integral to a complaint and may be considered in evaluating a motion to dismiss if the complaint "relies heavily on its terms and effect." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). This "reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration on a dismissal motion; mere notice or possession is not enough." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

5

The Complaint does not mention or rely upon the ICANN domain name registry at all, nor does the Complaint rely on the "terms and effect" of the agefotostock.com website. AF America argues that because the Complaint refers to, quotes from, and provides screenshots of the agefotostock.com website, the website in its entirety may be considered at the motion-to-dismiss stage. However, Grecco refers to the website because the website is the locus of the allegedly infringing activity. The Complaint quotes from the website to describe AF America's stock photography business, as well as to show the Photographs were misattributed, displayed, and distributed. Compl. ¶ 9, 15-22. But unlike a complaint that references a contract or a fraudulent statement, the Complaint here at issue does not rely on the terms or effect of the website. Thus, the website is not integral to the Complaint, and the Court will not consider the additional web pages that AF America attaches to its motion. See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

Further, AF America urges the Court to consider the "About Us" page and website terms, and states that the Court may take judicial notice of the website's contents and "may consider these web pages to be true for purposes of the Motion." Def. Reply, ECF No. 19, at 3-4. At the motion-to-dismiss stage, "a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute."

6

Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015). However, the purpose of taking judicial notice of a website's contents is to determine "what the documents state" and "not to prove the truth of their contents." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)

AF America relies on Orozco v. Fresh Direct, 2016 WL 5416510, at *1 (S.D.N.Y. Sept. 27, 2016) for the proposition that the Court may take judicial notice of a website in its entirety. However, Orozco was a Fair Labor Standards Act and New York Labor Law case, which turned on whether the defendant's website would mislead a reasonable consumer into thinking that delivery fees were tips. Id. at *4. In that case, the court considered the website not for the truth of its contents, but to inform the court's analysis of whether the website's language was misleading. Id. at *5-6.

AF America seeks to marshal statements made on the agefotostock.com website in support of its argument that a Spanish affiliate operates agefotostock.com and thus was solely responsible for displaying, offering for sale, and altering the copyright management information of the Photographs on the website. However, accepting this argument would require accepting the truth of the website's statement that agefotostock Spain, S.L. operates the website. To do so would exceed the appropriate scope of judicial notice on a motion to dismiss. See, e.g., Hesse v. Godiva Chocolatier, Inc., 463 F. Supp. 3d 453, 463 (S.D.N.Y. 2020).

7

The Court cannot accept the website's statements on the ownership and operation of the website as true and does not consider these extrinsic documents in evaluating the motion to dismiss.

III. Copyright Infringement

To state a claim for copyright infringement, a plaintiff must plead ownership of a valid copyright and that the defendant infringed that copyright. See Spinelli v. Nat'l Football League, 903 F.3d 185, 197 (2d Cir. 2018). Because the Copyright Act does not apply extraterritorially, courts in this district have also required plaintiffs "to adequately allege relevant domestic conduct" to state a copyright infringement claim. See, e.g., Noland v. Janssen, 2019 WL 1099805, at *5 n.6.

A plaintiff can state a claim for copyright infringement based on foreign activity by alleging a "predicate act" in the United States that is itself an act of copyright infringement and "permits further reproduction abroad." See Update Art v. Modiin Pub., 843 F.2d 67, 73 (2d Cir. 1988); Levitin v. Sony Music Entm't, 101 F. Supp. 3d 376 (S.D.N.Y. 2015). It is not a sufficient predicate act that a copyrighted work is made available online to United States users. To survive a motion to dismiss, a plaintiff must plead certain "plus factors," such as: "(1) the direction of copyrighted material into the United States, (2) [that] foreign acts are intended to, and do, have an effect within the United States, and

(3) the uploading of copyrighted materials to servers located in the United States." See State Street Global Advisors Trust Co. v. Visbal, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020) (internal citations and quotation marks omitted).

In this case, Grecco has not alleged extraterritorial conduct at all. Instead, Grecco has alleged that AF America, Inc., a United States company, copied, displayed and offered the copyrighted photographs for sale through agefotostock.com. See Compl. ¶ 29. Nevertheless, AF America argues that the alleged infringement and removal of copyright management information occurred outside the United States because, according to AF America, agefotostock.com is owned and operated by a Spanish entity, agefotostock Spain. Def.'s Mot. 4-5. AF America argues that the Court should disregard the Complaint's statement that AF America had "absolute control over the content" on the website, because the website's terms state that it "is owned and operated by agefotostock Spain, S.L." Id. at 5 (quoting Wolff Decl., Ex. A.). Further, because a Spanish entity purportedly owns and operates the website, AF America argues that the Court should "infer . . . that the alleged infringing conduct that Plaintiffs complain of occurred outside the United States." Id.  However, AF America's argument turns entirely on extrinsic material that, as previously discussed, the Court must not consider for its truth.

AF America also argues that Grecco has failed to plead one of the required "plus factors." The agefotostock.com website is available in many languages and accessible from over 200 countries, and thus, AF America asks the Court to conclude that the copyrighted material it hosts is not directed into the United States. Def.'s Mot. 6-7. Because the website is geared toward a global consumer base, AF America argues, the allegedly infringing website is not specifically intended to have an effect within the United States. Id. at 7. AF America contends that Grecco did not plead that the website has an effect within the United States, because the Complaint does not allege that the Photographs were actually sold or licensed to U.S. customers. Id. Finally, AF America adds that Grecco did not allege that the defendant uploaded the copyrighted images to a server in the United States. Id. at 8.

Grecco sufficiently alleges a domestic act of copyright infringement, because Grecco alleges that AF America maintained the website that displayed and distributed the Photos from within the United States. See Craig v. UMG Recordings, Inc., 380 F. Supp. 3d 324, 332 (S.D.N.Y. 2019) (holding that "[a]s a matter of law, sending a digital photograph to someone abroad enables that foreign user to make additional infringing copies"); Noland v. Janssen, 2019 WL 1099805, at *4 (S.D.N.Y. Mar. 8, 2019) (explaining that "marketing of the work from within the United States" may by itself establish a domestic predicate act). The Complaint alleges that AF

10

America "maintain[s] an office location in this District for purposes of licensing and distributing photographs to New York consumers." Compl. ¶ 12. Because the Complaint alleges that a Delaware company based in New York "copied" the Photographs and maintains a website through which the defendant displays and distributes the copyrighted work without the author's consent, it is plausible that an act of infringement occurred within the United States.[1] That AF America is a United States company distinguishes the instant case from Richardson v. Complex Media, 20-cv-6201 (JSR), in which the copyright holder sued a foreign defendant. Further, because the Court may not rely on extrinsic "materials to make a finding of fact that controvert[s] the plaintiff's own factual assertions set out in its complaint," the Court rejects AF America's arguments. See Global Network Comm'cns, Inc. v. New York, 458 F.3d 150, 156 (2d Cir. 2006) (emphasis in original).

CONCLUSION

For the foregoing reasons, the Court denies the motion to dismiss.

SO ORDERED.

---

[1] This is the case even if that the Court credits AF America's assertion that a foreign affiliate operates the website. See Craig, 380 F. Supp. at 332 (holding that "acts of pulling [the copyrighted work] from a database and sending it over the Internet to [a] UK affiliate necessarily involve the acts of duplicating and transferring a digital file over the Internet" and is thus "sufficient to constitute a predicate act for purposes of the Copyright Act").

Dated:	New York, NY
	_8/2/_, 2021

_____
JED S. RAKOFF, U.S.D.J.

12