UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GRECCO and MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> AGE FOTOSTOCK AMERICA, INC., <br><br> Defendant. | 21-cv-423 (JSR) <br><br> MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.

Now before the Court is the motion of defendant Age Fotostock America, Inc. ("AF America"), a stock photograph company, for an award of its costs and reasonable attorneys' fees as the prevailing party in this action pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505. See ECF No. 54. Plaintiffs Michael Grecco, a photographer, and his company, Michael Grecco Productions, Inc. (together, "Grecco"), filed an opposition, see ECF No. 57, and AF America filed a reply, see ECF No. 59. Based on the parties' briefs, the Court deemed this matter suitable for disposition without oral argument. See Fed. R. Civ. P. 78. For the reasons stated below, the Court denies AF America's motion for costs and attorneys' fees.

1

**BACKGROUND**

I.  Factual Background

Familiarly with the facts of this case are presumed. See ECF No. 51 ("Op."). As relevant here, Plaintiff Michael Grecco is a photographer who licenses his photographs through Plaintiff Michael Grecco Productions, Inc. Op. at 2. In the 1990s, Grecco photographed characters from the television shows The X-Files and Xena: Warrior Princess. Four of these photographs (the "Photographs") are at issue in this case. Id. at 3.

Defendant AF America, a Delaware corporation, is a subsidiary of agefotostock Spain, S.L. ("AF Spain"), a stock photography and video agency in Spain. Id. at 2. AF Spain owns and operates a website where customers can download and license stock images uploaded by third-party contributors. Id. at 2-3. AF America is AF Spain's local distributor for the United States and, under the terms of a general licensing agreement, AF America was automatically granted a limited sublicense to every image uploaded to AF Spain's website. Id. at 4. Customers in the United States who visited AF Spain's website are offered the opportunity to enter into licensing agreements with AF America for certain images. Id.

Years after they were taken, the Photographs were uploaded to AF Spain's website, where they were displayed and offered to the public for licensing in the United States. Id. at 3. On September

2

3, 2020, Grecco notified AF America by e-mail regarding the use of the Photographs. Id. at 6. The email notified AF America of the unauthorized use of the Photographs on the website and demanded a retroactive license fee for their use as a settlement. See ECF No. 56-3 at 11. AF America forwarded the e-mail to its parent AF Spain. Op at 6. In a series of emails that followed, an employee of AF Spain responded that AF America is a separate entity from AF Spain and that AF America never licensed the Photographs to any end-users. See ECF No. 56-3 at 3-6. Grecco responded by seeking further information relating to the use of the Photographs, including documentation to support AF Spain's representations. Id. Additionally, Grecco reiterated his interest in settling the dispute. Id. AF Spain responded through its employee that it "provided all relevant information showing that your claim is without merit." Id. at 3. Grecco then informed the employee that he intended to refer the matter to his counsel. Id. at 2.

II. Procedural Background

Grecco sued AF America on January 18, 2021, alleging that AF America (1) directly or secondarily infringed Grecco's copyright when it "copied, published, displayed and distributed" the Photographs without authorization in violation of 17 U.S.C. § 106; and (2) intentionally removed or altered copyright management information in violation of 17 U.S.C. § 1202(b). See ECF No. 1.

On March 4, 2021, AF America moved to dismiss the complaint in its entirety on the grounds that the Copyright Act does not apply extraterritorially. See ECF No. 15. On April 9, 2021, the Court denied the motion to dismiss, holding that because the compliant alleged that AF America maintained the website that displayed and distributed the Photographs within the United States the complaint sufficiently alleged a domestic act of copyright infringement. See ECF Nos. 20, 33.

On July 29, 2021, Grecco moved for partial summary judgment with respect to his ownership of valid copyrights in the Photographs and AF America's liability for copyright infringement directly, contributorily, or as the alter ego of AF Spain. See ECF Nos. 28, 35. On August 5, 2021, AF America cross-moved for summary judgment. See ECF Nos. 34, 48. On September 22, 2021, the Court, in a bottom-line order, denied Grecco's motion for partial summary judgment and granted AF Spain's cross motion for summary judgment in its entirety. See ECF No. 50. The Court stayed the case until it later issued a full opinion (the "Opinion") setting forth the reasoning for its ruling in favor of AF Spain on October 5, 2021. See id.; Op. at 22.

The Opinion addressed each of Grecco's three theories of liability – (1) direct infringement, (2) secondary infringement, and (3) violations of 17 U.S.C. § 1202 – in turn. First, the Court held that, as a matter of law, "the Copyright Act does not extend

4

its protections to unconsummated offers" and because AF America, at most only offered to license the Photographs, Grecco cannot prevail on its claim against AF America for directly infringing on his copyrights." Op. at 9-10, 14.  Second, on Grecco's secondary infringement claim, the Court held that "given the limitation on the extraterritorial application of United States copyright law, Grecco's secondary liability claims cannot succeed" as there were insufficient "plus factors" connecting AF Spain's conduct abroad to the United States.  Id. at 15-18.  Third, with regard to Grecco's Section 1202 claim regarding the removal or alteration of copyright management information, the Court held that Grecco failed "to present sufficient evidence to satisfy either the intention prong under § 1202(b)(1) or the knowledge prong under § 1202(b)(3)." Id. at 20.

The Clerk of the Court entered judgment in favor of AF America on October 5, 2021, dismissing Grecco's case with prejudice.  See ECF No. 52.  AF America's present motion for an award of costs and attorneys' fees followed.  See ECF No. 54.

**LEGAL STANDARD**

"Under the Copyright Act, 'the court in its discretion may allow the recovery of full costs by or against any party,' and 'the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.'"  Sands v. CBS Interactive Inc., 2019 WL 1447014, at *7 (S.D.N.Y. Mar. 13, 2019) (quoting 17

5

U.S.C. § 505).  "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised," considering such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence . . . so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner."  Fogerty v. Fantasy, Inc., 510 U.S. 517, 533-4 (1994).[1]

### DISCUSSION

AF America argues that an award of costs and attorneys' fees is appropriate here because Grecco's claims were "objectively unreasonable" and Grecco was "aware of the fatal flaws in [his] position before the commencement of this litigation yet continued undeterred in order to extract a settlement."  ECF No. 55 at 11. As AF America argues, prior to the commencement of this litigation, AF Spain told Grecco that AF Spain, not AF America, operated the offending website and that AF America did not license or make any sales of the Photographs to end-users.  See ECF No. 56-3.  These representations were repeated by AF America's counsel at the outset

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

of the case after counsel conducted an initial investigation of the facts. See ECF No. 56 ¶ 7. Nevertheless, it was only after the parties engaged in discovery, confirming – most relevantly – that it was AF Spain that operated the website and that AF America never consummated any licensing agreements with end-users with regard to the Photographs that Grecco sought leave of the Court to add AF Spain as a defendant, a request that was denied as untimely. See ECF No. 25.

Even after the Court denied Grecco leave to bring AF Spain into the suit, Grecco continued to litigate his claims, including through his filing of a motion for partial summary judgment, relying on what AF America characterizes as objectively unreasonable grounds. In support of this contention, AF America describes the Court's summary judgment opinion as confirming "critical flaws" in Grecco's claims that – AF America contends – Grecco was already aware prior to the commencement of his suit. ECF No. 55 at 15.

AF America further argues that an award of attorneys' fees here would be consistent with the goals of "[c]ompensation and deterrence, two equitable considerations [that] exist for the dual purposes of incentivizing parties with strong claims to litigate them and deterring parties with weak claims from embarking on wasteful litigation." Hughes v. Benjamin, 2020 WL 4500181, at *4 (S.D.N.Y. Aug. 5, 2020). Specifically, AF America describes Grecco

as a "serial litigant" who has filed more than one hundred copyright cases since 2016. See ECF No. 55 at 13; ECF No. 56-1. Pointing to Grecco's deposition testimony that he runs a "boutique copyright discovery and recovery service for a handful of photographers" that works to identify copyright infringement on the internet, ECF No. 56-2 at 13:18-14:15, AF America argues that Grecco has made a business of pursuing baseless litigation in order to extract settlement fees, further justifying an award of attorneys' fees.

But contrary to AF America's characterizations, Grecco's claims were far from objectively unreasonable. Rather, his infringement claims involved difficult and unsettled questions of law. Specifically, a key issue in this case was whether an unconsummated offer to distribute violates a copyright holder's rights under Section 106. This is a question that has not been resolved by the Second Circuit. See Noland v. Janssen, No. 17-CV-5452, 2019 WL 1099805, at *4 (S.D.N.Y. Mar. 8, 2019) ("There is a developing doctrine in copyright law, not yet addressed by the Second Circuit, regarding whether an unconsummated offer to distribute a copy of a work for sale can by itself constitute a 'distribution' of an unauthorized copy in violation of 17 U.S.C. § 106(3)"). And while the Court – relying on relevant precedent, the text of the Copyright Act, and persuasive out-of-circuit authority – ruled here that such an offer does not constitute

8

actionable infringement, see Op. 12-14, at least one prior decision in this District adopted a differing interpretation, see Elektra Ent. Grp., Inc. v. Barker, 551 F. Supp. 2d 234, 243 (S.D.N.Y. 2008). As the Supreme Court has noted, the fact that "courts [are] in conflict on [an] issue" provides strong indication that a litigant's "position was reasonable" even if not prevailing. Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 197 (2016).

Moreover, while AF Spain's employee and AF America's counsel did assert prior to the commencement of the suit and at its outset, respectively, that AF America is a separate entity from AF Spain and that AF America did not issue any licenses, Grecco was not obligated to rely on those representations, especially given that they implicated legal conclusions on which Grecco and AF America disagreed. This is particularly true with regard to Grecco's secondary infringement claims, as the determination with regard to whether sufficient "plus factors" existed such that the Copyright Act extended to AF Spain's extraterritorial conduct presented a mixed question of law and fact. See Op. 15-16.

Finally, the fact that Grecco has filed a significant number of infringement cases is not necessarily evidence of unreasonableness or bad faith, as such conduct is also consistent with there being widespread infringement of Grecco's work. In support of the latter interpretation, Grecco asserts that "[m]any of the cases filed by [Grecco] have resulted in the award of

default judgments in [his] favor." ECF No. 57 at 16 & n.4 (citing cases). Indeed, in one case, although Grecco's action was dismissed, the court explicitly rejected the contention that the suit was brought "in bad faith" and that "an award of attorneys' fees is necessary to deter future unmeritorious litigation. *Michael Grecco Prods., Inc. v. BDG Media, Inc.*, 2020 WL 11629239, at *3 (C.D. Cal. Apr. 24, 2020). Nor can bad faith be inferred from the fact that Grecco operates a business that helps other photographers recover compensation for unauthorized uses of their work. And contrary to AF America's contention that the goals of the Copyright Act would be served by deterring suits like Grecco's, suits such as this one – which raised unsettled issues of law – help "clarif[y] the boundaries of copyright law." *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 666 (S.D.N.Y. 2001).[2]

Given these considerations, and weighting the totality of the circumstances, the Court concludes that this is not a case where an award of costs and attorneys' fees is warranted.

---

[2] Grecco further argues that shifting fees would be inappropriate here because Grecco has recently discovered that AF Spain continues to offer Grecco's copyrighted works on its website, including one of the Photographs at issue here. But whether such ongoing activities constitute "willful infringement," ECF No. 57 at 25, undermining AF America's deterrence arguments raises questions of law and fact that are not appropriately resolved in this posture.

10

## CONCLUSION

For the foregoing reasons, the Court denies AF America's motion for costs and attorneys' fees. The Clerk of the Court is directed to close document number 54 on the docket of this case.

SO ORDERED.

Dated:   New York, NY

November 17, 2021

JED S. RAKOFF, U.S.D.J.